# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN TENAGLIA<br>26 Candytuft Road<br>Levittown, PA 19057<br><br>        Plaintiff,<br><br>        v.<br><br>PEPSI-COLA METROPOLITAN BOTTLING<br>COMPANY, INC.<br>11701 Roosevelt Boulevard<br>Philadelphia, PA 19154<br><br>        Defendants. | CIVIL ACTION COMPLAINT<br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Stephen Tenaglia (hereinafter "Plaintiff") hereby complains as follows against Defendant Pepsi-Cola Metropolitan Bottling Company, Inc. (hereinafter "Defendant").

## INTRODUCTION

1.  Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA and the FMLA. This Court has jurisdiction over Plaintiff's state law claims because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrences, having the same common nucleus of operative facts, pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of his instant ADA and PHRA claims.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a Pennsylvania entity that does business at the captioned address.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Defendant hired Plaintiff in or around 2000 as a merchandiser.

12. Defendant promoted Plaintiff in or around 2001 to pre-seller.

13. Plaintiff suffered and continues to suffer from diagnosed conditions including Bipolar II, Post Traumatic Stress Disorder, Obsessive Compulsive Disorder, Severe Anxiety, Severe Depression, and Panic Attacks (hereinafter collectively referred to as "Disabilities").

14. Due to his Disabilities, Plaintiff required three (3) leaves of absence (totaling about 10 weeks) between May 2011 and January 2012.

15. On or about March 29, 2012, Plaintiff was admitted to an in-patient facility for treatment of his Disabilities.

16. Immediately upon his hospitalization, Plaintiff informed Defendant of his need for a leave of absence for treatment of his Disabilities.

17. Plaintiff's Supervisor, Bill Frazier, told Plaintiff that his leaves of absence were "*disrupting the business*."

18. Ultimately, Defendant granted Plaintiff a leave of absence from March 29 to May 20, 2012.

19. Upon Plaintiff's return to work on or around May 20, 2012, Plaintiff requested a reasonable accommodation due to his Disabilities.

20. On or around May 20, 2012, Plaintiff requested to be reassigned to work as a merchandiser, the position he originally held.

21. Plaintiff found working as a merchandiser to be less stressful than working as a pre-seller.

22. Defendant begrudgingly reassigned Plaintiff to a merchandiser position; in doing so, Plaintiff's Department Supervisor, Paul Hawkins, told Plaintiff that "*due to the stress that you are going through, maybe you are not a good fit for the position.*"

23. Thereafter, for the first time, Defendant began actively tracking Plaintiff's movements and began closely scrutinizing his work.

24. Less than a month later, on or about June 14, 2012, Defendant accused Plaintiff, for the first time in over eleven (11) years of employment, of "falsifying Company records and stealing time."

25. Plaintiff denied the allegations, as same were not true.

26. Defendant fired Plaintiff on June 19, 2012.

27. Defendant's stated reasons for firing Plaintiff are pretext.

28. Defendant fired Plaintiff due to his Disabilities and/or his perceived Disabilities and/or his record of Disabilities and/or in retaliation for his taking protected medical leave and/or in retaliation for his requesting a reasonable accommodation.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")
### (Hostile Work Environment/Disability Discrimination)

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. At all times relevant herein, Plaintiff's Disabilities rendered him an individual with a disability under the ADA.

31. Plaintiff was subjected to severe and pervasive harassment and discrimination because of his Disabilities.

32. Defendant failed to remedy the hostile work environment even after having notice of same.

33. Any reasonable person would have felt that he or she was being subjected to discrimination, harassment and/or a hostile work environment due to Defendant's conduct and due to Defendant's failure to effectively remedy the hostile work environment after being put on notice of same.

34. Defendant terminated Plaintiff in June 2012, in part, because he suffered from his Disabilities.

35. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT II
## Violations of the ADA
### (Regarded-as-a-Disability/Record of Disability Discrimination)

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Defendant terminated Plaintiff in June 2012, in part, because Defendant perceived him as being disabled and/or because Plaintiff had a record of having disabilities.

38. Such actions violated the Americans with Disabilities Act, as amended by the ADA Amendments Act.

## COUNT III
## Violations of the ADA
### (Retaliation for Requesting Accommodation)

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to take leave to treat his Disabilities.

41. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to transfer to a merchandiser position.

42. Defendant retaliated against Plaintiff by terminating him on pretextual grounds because he requested an accommodation for his disability.

43. Such actions violated the Americans with Disabilities Act, as amended by the ADA Amendments Act.

**COUNT IV**
**Violations of the FMLA**
**(Interference)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Plaintiff was an eligible employee under the definitional terms of the FMLA.

46. At all times relevant hereto, Plaintiff was employed with Defendant for at least twelve (12) months.

47. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his medical leave of absence.

48. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current or proceeding calendar year.

49. Plaintiff required time off from work due to his Disabilities.

50. Plaintiff's Disabilities constituted a serious health condition within the meaning of the FMLA.

51. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

52. Defendant interfered with Plaintiff's FMLA rights by firing him for having taken leave that Defendant designated and/or should have designated and treated as FMLA protected leave.

53. Defendants interfered with Plaintiff's FMLA rights by firing him to prevent him from taking further FMLA leave.

54. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

## COUNT V
## Violations of the FMLA
## (Retaliation)

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

57. Defendant retaliated against Plaintiff by firing Plaintiff for taking and requesting FMLA-qualifying absences.

58. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

59. Defendant's violation of the FMLA was both willful and intentional.

60. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## COUNT VI
## Violations of the Pennsylvania Human Relations Act ("PHRA")
## (Hostile Work Environment/Disability Discrimination)

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. At all times relevant herein, Plaintiff's Disabilities rendered him an individual with a disability under the PHRA.

63. Plaintiff was subjected to severe and pervasive harassment and discrimination because of his Disabilities.

64. Defendant failed to remedy the hostile work environment even after having notice of same.

65. Any reasonable person would have felt that he or she was being subjected to discrimination, harassment and/or a hostile work environment due to Defendant's conduct and

due to Defendant's failure to effectively remedy the hostile work environment after being put on notice of same.

66. Defendant terminated Plaintiff in June 2012, in part, because he suffered from his Disabilities.

67. Defendant's aforementioned conduct is in violation of the PRHA and has caused Plaintiff to suffer damages.

## COUNT VII
## Violations of the PRHA
### (Regarded-as-a-Disability/Record of Disability Discrimination)

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. Defendant terminated Plaintiff in June 2012, in part, because Defendant perceived him as being disabled and/or because Plaintiff had a record of having disabilities.

70. Defendant's aforementioned conduct is in violation of the PRHA and has caused Plaintiff to suffer damages.

## COUNT VIII
## Violations of the PRHA
### (Retaliation for Requesting Accommodation)

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to take leave to treat his Disabilities.

73. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to transfer to a merchandiser position.

74. Defendant retaliated against Plaintiff by terminating him on pretextual grounds because he requested an accommodation for his disability.

75. Defendant's aforementioned conduct is in violation of the PRHA and has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff or anyone else on any basis forbidden by the ADA, the FMLA, and the PHRA;

B. Defendant is to promulgate and adhere to a policy prohibiting disability-based discrimination;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

D. Plaintiff is to be awarded actual damages as well as damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate; and

E. Plaintiff is to be awarded punitive damages and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future; and

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

H. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard S. Swartz*
Richard Swartz, Esq.
Daniel A. Horowitz, Esq.
1838 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill NJ 08003
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorneys for Plaintiff*

Dated: June 3, 2014